# Exhibit F

ELECTRONICALLY FILED - 2022 Aug 30 10:53 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2304753

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF GREENVILLE<br><br>John Doe as the next friend of Jane Doe,<br>Plaintiff,<br><br>vs.<br><br>Scott Foster, Rockstar Cheer & Dance Inc., Varsity Spirit LLC, United States All Star Federation, The National Center for Safety Initiatives LLC;<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>CIVIL ACTION NO.: 2022-CP-23-<br><br><br><br>**SUMMONS**<br>**(JURY TRIAL REQUESTED)** |

TO:   THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at his office at PO Box 12330, Columbia, SC 29211, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

Chappell, Smith & Arden, P.A.

s/James C Sproat_____
James C Sproat, S.C. Bar #100292
Mark D. Chappell, S.C. Bar #1197
Jacob Born, S.C. Bar #100026
Graham Newman, S.C. Bar #72845
Mark D Chappell, Jr. S.C. Bar #102209
Post Office Box 13379
Columbia, SC 29211
(803) 929-3600 – Telephone
jsproat@csa-law.com
mchappell@csa-law.com
jborn@csa-law.com
gnewman@csa-law.com

AND

ELECTRONICALLY FILED - 2022 Aug 30 10:53 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2304753

                                                 Bannister, Wyatt & Stalvey, LLC

                                                 <u>s/James W Bannister</u>
                                                 James W. Bannister
                                                 Post Office Box 10007
                                                 Greenville, SC 29601
                                                 (864) 298-0084 – Telephone
                                                 jbannister@bannisterwyatt.com

August 29, 2022

ELECTRONICALLY FILED - 2022 Aug 30 10:53 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2304753

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF GREENVILLE | IN THE COURT OF COMMON PLEAS<br>CIVIL ACTION NO.: 2022-CP-23- |
| John Doe as next friend of Jane Doe,<br><br>Plaintiff,<br><br>vs.<br><br>Estate of Scott Foster, Rockstar Cheer & Dance Inc., Varsity Spirit LLC, United States All Star Federation, The National Center for Safety Initiatives, LLC;<br><br>Defendants. | **COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

The Plaintiff, complaining of the Defendant, would respectfully show unto the Court that:

1. The Plaintiff, John Doe as Next Friend of Jane Doe ("Plaintiff") is a citizen and resident of Greenville County, South Carolina.

2. The Defendant, Estate of Scott Foster ("hereinafter Foster"), upon information and belief was a citizen and resident of Greenville, South Carolina.

3. The Defendant, Rockstar Cheer & Dance Inc. ("hereinafter Rockstar"), upon information and belief is an organization organized and existing under the laws of the state of South Carolina.

4. The Defendant, Varsity Spirits LLC. ("hereinafter Varsity"), upon information and belief is an organization organized and existing under the laws of the state of Tennessee.

5. The Defendant, United States All Star Federation ("hereinafter USASF"), upon information and belief is a not-for-profit organization organized and existing under the laws of the state of Tennessee.

ELECTRONICALLY FILED - 2022 Aug 30 10:53 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2304753

6.     The Defendant, The National Center for Safety Initiatives LLC ("hereinafter NCSI"), upon information and belief is an organization organized and existing under the laws of the state of Delaware.

7.     This Court has jurisdiction over the parties and the subject matter of this action, and venue is proper in Greenville County.

## FACTUAL BACKGROUND

8.     All prior paragraphs are reiterated as if fully restated verbatim herein.

9.     Father, Mother and Jane Doe's names are not contained in the Complaint to protect their privacy as they all incurred injuries and damages of a sensitive nature due to Defendants' reckless, grossly negligent, and negligent acts and failures.

10.    Because this Complaint does not contain identifying information, Plaintiffs must be contacted through their undersigned counsel.

11.    Good cause exists for Plaintiffs to use pseudonyms due to the potential harmful impacts public disclosure of their identity could have and the nature of the harm inflicted on Jane Doe by Defendants.

12.    Plaintiffs' counsel will share Plaintiffs' identities with Defendants' attorneys. As such, Defendants suffer no prejudice from Plaintiffs' personal information not being contained herein.

13.    At all times relevant to this Complaint, upon information and belief, Foster was an employee and owner of Rockstar, acting as its servant, agent and with its full knowledge and permission.

14.    At all times relevant to this Complaint, Rockstar was an organization with the primary purpose of training young cheerleaders to participate in competitions throughout the

United States. Rockstar owns, and/or operates sixteen (16) separate facilities throughout the United States under an unknown business organization and structure.

15. At all times relevant to this Complaint, Rockstar and Foster were both members of USASF and Varsity.

16. At all times relevant to this Complaint, Varsity was a governing organization for Varsity All Star competitions in the United States. Varsity provides rules, regulations, education, certifications and oversight for coaches and gyms. Varsity provides background checks and safety certifications that include "Protect the Children: Understanding, Recognizing, and Reporting the Maltreatment of Children".

17. At all times relevant to this Complaint, USASF was the governing body for all star cheerleading and dance in the United States. USASF provides rules, regulations and oversight for club cheerleading and dance gyms. According to USASF's website, USASF's stated mission is to "support and enrich the lives of our All Star athletes and members. We provide consistent rules, strive for a safe environment for our athletes…". USASF "was founded with the core principle of making All Star a safer sport…" and is the organization that "credentials coaches, certifies safety judges, sanctions events and maintains and adjusts (as needed) safety guidelines…" USASF operates or causes to be operated a directory that provides information on the status of coaches and gym owners that included Foster and Rockstar as members. As a part of this information USASF provides acknowledgement as to whether a coach or owner has "Greenlight determination" and has completed abuse prevention education.

18. At all times relevant to this Complaint, NCSI provided background checks and "Greenlight determination" to USASF and other organizations on coaches and owners of gyms.

ELECTRONICALLY FILED - 2022 Aug 30 10:53 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2304753

19. At all times relevant to this Complaint, Scott Foster was the coach for the team and owner of the gym in which Jane Doe trained and competed in competitions put on by both USASF and Varsity throughout the United States under the banner of Rockstar Cheer and Dance.

20. At all times relevant to this Complaint, Scott Foster, in his capacity as coach was given custody and supervision of minors, including Plaintiff. Foster used this position to coerce children to concede to his sexual suggestions, using his authority and position of trust to exploit them physically, sexually, and emotionally.

21. Over the course of over a year, beginning in early 2020, Foster began to take an interest in Plaintiff upon her promotion to the top tier team within Rockstar. Over the next 6 months, Foster had multiple communications with Plaintiff, primarily through Snapchat, that included messages of a sexual nature, nude pictures of himself and requests for nude pictures of Plaintiff. Plaintiff provided nude pictures to Foster via Snapchat. Over the following year on at least ten occasions, Plaintiff was persuaded into performing various sexual acts including oral and penetrative sex with Foster. These acts occurred at Foster's home, in Foster's vehicle, Rockstar's facility, at hotels during competitions, and in both South Carolina and Florida. During multiple of these occasions, Plaintiff was provided alcohol by Foster in an effort to further persuade Plaintiff to perform sexual acts with him.

22. Defendant Rockstar knew or should have known Foster's propensity to engage in the above-described conduct.

23. Defendant USASF and Varsity, upon information and belief, received complaints prior to, and during, the above-described conduct of Defendant Foster and failed to act in a manner reasonable given the seriousness of the allegations.

**FIRST CAUSE OF ACTION**
**Battery**

24. All paragraphs are reiterated as if fully restated verbatim herein.

25. Foster, while acting within the scope and course of his agency with Defendant Rockstar, and using his authority and position of trust as a coach for the defendant, through the grooming process, and/or as a result of the performance of his agency duties in coaching for Rockstar, engaged in activities with the minor Plaintiff as a means to obtain his own sexual gratification.

26. Foster's acts of intentional sexual abuse constituted harmful and offensive touching, to which, Plaintiff could not consent as a matter of law.

27. Foster used the grooming process and/or the performance of his agency duties on behalf of Defendant Rockstar to accomplish his acts of sexual abuse of Plaintiff.

28. As a result of Fosters' sexual battery, Plaintiff has suffered damages described herein.

## SECOND CAUSE OF ACTION
### Breach of Fiduciary Duty in regard to Defendant Rockstar

29. All paragraphs are reiterated as if fully restated verbatim herein.

30. Plaintiff, by and through her guardian, created a fiduciary relationship with Rockstar by entrusting them and their staff with the custody and supervision of a minor. Rockstar was therefore bound to act in good faith and with due regard to the interests of one reposing in confidence.

31. By placing the minor Plaintiff in the care of Foster, Rockstar breached their fiduciary duty by breaching the special confidence placed in them in good conscience.

32. As a result of Rockstar's breach of their fiduciary duty, Plaintiff has suffered damages described herein.

### THIRD CAUSE OF ACTION
### Constructive Fraud as to Rockstar

33. All paragraphs are reiterated as if fully restated verbatim herein.

34. Rockstar represented to Plaintiff that Foster has undergone a background check and had undergone training specific to the care of minors and that these checks and training provided no indications that Foster had a propensity for sexual misconduct towards a minor.

35. Rockstar knew, or should have known the falsity of these statements.

36. These statements were materially involved in Plaintiff's decision to continue training with Foster and Rockstar.

37. Rockstar intended through these statements to entice minors to participate in the competitions Rockstar coaches.

38. Plaintiff did have the right to and did rely on the truth of these statements.

39. As a result of Rockstar's constructive fraud, Plaintiff has suffered damages described herein.

### FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotions Distress/Outrage as to Defendant Foster

40. All paragraphs are reiterated as if fully restated verbatim herein

41. Foster knew or should have known it was reasonably foreseeable that Plaintiff would suffer, and did in fact suffer, severe emotional distress as a result of this sexual abuse. The acts described above by a trusted authority figure is far beyond the bounds of decency and was utterly intolerable in a civilized community.

ELECTRONICALLY FILED - 2022 Aug 30 10:53 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2304753

42. Foster's actions were the direct cause of Plaintiff's distress and the emotional distress sustained by Plaintiff is so severe that no reasonable person could be expected to endure it.

43. As a result of Foster's outrageous conduct, Plaintiff has suffered damages described herein.

### FIFTH CAUSE OF ACTION
### Negligent Hiring, Training, Supervision and Retention as to defendant Rockstar
### (Direct Negligence)

44. All paragraphs are reiterated as if fully restated verbatim herein

45. Upon information and belief, Defendant Rockstar knew or should have known of the unlawful sexual misconduct of Foster as a coach and agent of Rockstar and failed to take reasonable steps to prevent future acts of unlawful sexual misconduct.

46. Rockstar had a duty to thoroughly investigate Foster's background and character and failed to do so by failing to perform a satisfactory background check or to investigate Foster's character prior to his appointment as coach.

47. Rockstar breached its duty to properly train and supervise Foster in the performance of his duties as Coach. Rockstar breached this duty by failing to properly train Foster in the rules and regulations of USASF regarding appropriate interactions with athletes, by failing to provide oversight of Foster's activities as a coach, and by failing to review Foster's performance and the appropriateness of his actions as a coach.

48. Rockstar's negligent hiring, training, supervision, and retention of Foster were a direct, proximate, and foreseeable cause of Plaintiff's sexual abuse and damages as described herein.

### SIXTH CAUSE OF ACTION
### Negligence-failure to warn as to defendants Rockstar, Varsity and USASF

ELECTRONICALLY FILED - 2022 Aug 30 10:53 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2304753

49. All paragraphs are reiterated as if fully restated verbatim herein.

50. Upon information and belief Defendants Rockstar, USASF, and Varsity received complaints with regards to the conduct of Defendant Foster, including his inappropriate behavior with the athletes under his care.

51. Defendants Rockstar, Varsity and USASF had a duty to warn Plaintiff, parents, and the community about the propensity of Foster to commit sexual abuse against athletes, despite the fact that Defendants knew that such failures to warn would reasonably lead to minors being sexually abused by Foster while participating.

52. Defendants Rockstar and USASF were negligent in failing to warn Plaintiff and parents of the inherent risks of sexual abuse was a direct, proximate, and foreseeable cause of Plaintiff's sexual abuse and damages described herein.

### SEVENTH CAUSE OF ACTION
### Negligence as to all Defendants

53. All paragraphs are reiterated as if fully restated verbatim herein.

54. Prior to and after the first instance of Foster's sexual misconduct of Plaintiff, Defendants Rockstar, Varsity, USASF, and NCSI knew or should have known that Foster had and was capable of sexually, physically, and mentally abusing Plaintiff and/or other victims.

55. Defendants each had duties to protect the minor Plaintiff and other participants and members, when such minors were entrusted to Defendants Foster and Rockstar. Plaintiff's care, welfare, and physical custody was entrusted to Defendants Foster and Rockstar. Defendants Foster and Rockstar voluntarily accepted the entrusted care of Plaintiff. As such, Defendants each owed Plaintiff, a minor child, a special duty of care that adults dealing with children owe to protect them

ELECTRONICALLY FILED - 2022 Aug 30 10:53 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2304753

from harm. The duty to protect and warn arose from the special, trusting, confidential, and fiduciary relationship between Defendants and Plaintiff.

56. The Defendants each breached their duties of care to the minor Plaintiff by allowing Foster to come into contact with the minor Plaintiff and other participants and members, without supervision; by failing to adequately hire, supervise and retain Foster whom they permitted and enabled to have access to Plaintiff; by concealing from Plaintiff, family and law enforcement that Foster was sexually harassing, molesting, and abusing minors; and by holding Foster out to Plaintiff and family as being of high moral and ethical repute, in good standing and trustworthy.

57. Defendants each breached their duties to Plaintiff by failing to investigate or otherwise confirm or deny such facts of sexual abuse by Foster, failing to reveal such facts to Plaintiff, parents, the community and law enforcement agencies, and by placing Foster into a position of trust and authority, holding him out to Plaintiff, parents and the public as being in good standing and trustworthy.

58. Defendants each breached their duty to Plaintiff by failing to adequately monitor and supervise Foster and failing to prevent Foster from committing wrongful sexual acts with minors including Plaintiff. Defendants knew or should have known of Foster's incapacity to serve as coach.

59. As a result of the above described conduct, Plaintiff has suffered and continues to suffer the damages described herein.

### EIGHTH CAUSE OF ACTION
#### Respondeat Superior

60. All paragraphs are reiterated as if fully restated verbatim herein.

61. At all times relevant to this complaint Foster was an employee of Rockstar.

62. At all times relevant to this Complaint, Foster was an agent/servant of Rockstar

ELECTRONICALLY FILED - 2022 Aug 30 10:53 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2304753

ELECTRONICALLY FILED - 2022 Aug 30 10:53 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2304753

63. At all times relevant to this Complaint, Foster was acting in the furtherance of the interests of Rockstar.

64. As a product of the agent/servant role of defendant Foster, defendant Rockstar is vicariously liable.

65. Plaintiff is informed and believes that they are entitled to judgement against defendant Rockstar for actual and punitive damages in an amount to be determined by a jury.

## **DAMAGES**

66. All paragraphs are reiterated as if fully restated verbatim herein.

67. As a direct and proximate result of the above complained of actions, minor Jane Doe suffered the following injuries and damages:

    a) extensive pain of mind and body, shock

    b) emotional distress and physical manifestations of emotional distress

    c) loss of enjoyment of life

    d) mental anguish

    e) past, present, and future medical expenses

    f) permanent injury and disability

    g) past, present, and future economic loss

    h) time away from school and education and;

    g) such other and further damages as shall be proven through discovery at the trial of this matter.

68. Further, Plaintiff John Doe, as the biological parent and next friend of minor, Jane Doe, suffered the following damages as a direct and proximate result of Defendants of the actions complained of herein:

       1)      money spent for medical treatment, past, present, and future for Jane Doe; and;

       2)      past, present, and future lost wages and economic loss associated with the injuries and damages sustained by minor Jane Doe.

69. Defendants' combined and concurring careless, negligent, willful, wanton, reckless, and unlawful act were the direct and proximate cause of John Doe and Jane Does injuries and damages as plead herein.

70. Plaintiff John Doe, as the next friend of minor Jane Doe, is informed and believes he is entitled to judgment against the Defendants for actual and punitive damages in the appropriate amount.

WHEREFORE, Plaintiff prays for a judgment against Defendants, jointly and severally, in an amount of actual and punitive damages as shall be determined by a jury of this state; for trial by jury; for the costs of this action; and for such other and further relief as this Honorable Court may deem just and proper.

*~ Signature On Following Page ~*

ELECTRONICALLY FILED - 2022 Aug 30 10:53 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2304753

ELECTRONICALLY FILED - 2022 Aug 30 10:53 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2304753

Chappell, Smith & Arden, PA

s/James C Sproat_____
James C Sproat, S.C. Bar #100292
Mark D. Chappell, S.C. Bar #1197
Jacob Born, S.C. Bar #100026
Graham Newman, S.C. Bar #72845
Mark D Chappell, Jr. S.C. Bar #102209
Post Office Box 13379
Columbia, SC 29211
(803) 929-3600 – Telephone
jsproat@csa-law.com
mchappell@csa-law.com
jborn@csa-law.com
gnewman@csa-law.com


Bannister, Wyatt & Stalvey, LLC

s/James W Bannister
James W. Bannister
Post Office Box 10007
Greenville, SC 29601
(864) 298-0084 – Telephone
jbannister@bannisterwyatt.com

August 29, 2022