IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | | |
|---|---|---|
| ARCH INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VARSITY BRAND HOLDING CO., INC.; | ) | Case No. 2:23-cv-02689-JTF-atc |
| and U.S. ALL STAR FEDERATION, INC. | ) | |
| | ) | ORAL ARGUMENT REQUESTED |
| Defendants. | ) | |
| | ) | |

**DEFENDANT VARSITY BRANDS
HOLDING CO., LLC'S MOTION TO DISMISS OR STAY**

COMES NOW Defendant Varsity Brands Holding Co., LLC, incorrectly sued herein as Varsity Brands Holding Co., Inc. ("Varsity Holding"), and files its motion to dismiss or stay this action pursuant to the *Wilton* abstention doctrine[1] (in light of application of the Sixth Circuit's *Grand Trunk* factors)[2] and Fed. R. Civ. P. 12(b)(6).  Plaintiff Arch Insurance Company's Complaint asserts two claims for relief:  one for a declaratory judgment, against both Varsity Holding and Defendant U.S. All Star Federation, Inc. ("USASF");[3] and one for breach of contract, against Varsity Holding alone.  At the same time, Varsity Holding and its affiliates Varsity Brands, LLC and Varsity Spirit LLC (collectively with Varsity Holding, the "Varsity Insureds"), have an

---

[1] *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).  Although some courts do not characterize *Wilton*'s principles as "abstention," we use that term as shorthand for *Wilton*'s authorization of district courts to use their discretion to decline to exercise jurisdiction over declaratory judgment actions.
[2] *See Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323 (6th Cir. 1984).
[3] Unlike Varsity Holding's response to the Complaint, which by agreement of the parties and Order of the Court is due today, USASF is not required to respond until March 20, 2024. (ECF No. 51.)

1

action pending against Arch and fourteen of their other insurers regarding the same subject matter in Delaware Superior Court (the "Delaware Action").[4]  The three Varsity Insureds are insureds under Arch's policies, yet Arch has only sued Varsity Holding and none of Varsity Holding's other insurers.  None of the Varsity Insureds can file a comprehensive action against Arch and their other insurers in federal court because there is incomplete diversity for purposes of diversity jurisdiction.

As discussed more fully in the accompanying Memorandum, application of the *Grand Trunk* factors strongly supports this Court's declination to exercise its jurisdiction to hear the action in its entirety in favor of the pending Delaware Action, which is far more comprehensive of the parties and issues.  Among other things, Arch has engaged in "procedural fencing" by filing this action on October 30, 2023, in an improper effort to secure this forum, in breach of a litigation standstill agreement that it entered into with Varsity that forbade the parties from commencing coverage litigation before November 4, 2023.  That Arch has tacked on what is a sham breach of contract claim does not preclude application of *Wilton* abstention.  That is because Arch's action is fundamentally declaratory in nature, and its contract claim flows from Arch's declaratory judgment count:  the contract claim turns on an issue that is squarely presented by the declaratory judgment claim, namely Varsity Holding's compliance with the Arch policies' cooperation clauses, and the monetary relief Arch seeks under the breach of contract claim is available under the declaratory judgment count.

However, to the extent the Court disagrees that Arch's breach of contract claim does not preclude application of the *Wilton* abstention doctrine over the entire action, the Court nonetheless should dismiss Arch's contract claim pursuant to Fed. R. Civ. P. 12(b)(6) because it is not

---

[4] *Varsity Brands Holding Company, Inc., et al. v. Arch Insurance Co., et al.*, Case No. N23C-10-283 MMA CCLD (Del. Super. Ct., New Castle Cnty.).

cognizable as a matter of law. Arch's contract claim is based on an alleged breach of a condition precedent to coverage, but such breach gives rise solely to an affirmative defense to coverage. It does not give rise to an independent right by Arch to pursue affirmative relief against Varsity Holding. After dismissing the contract claim, the Court should then apply *Wilton* abstention and dismiss the entire action.

In the alternative to dismissing the action after declining to exercise jurisdiction under *Wilton* abstention, whether or not it dismisses Arch's contract claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court should stay the action pending disposition of the Delaware Action.

Accordingly, Varsity Holding respectfully requests that the Court decline to exercise jurisdiction and dismiss this action in its entirety or, alternatively, stay the action pending disposition of the Delaware Action. Alternatively, Varsity Holding requests that, to the extent the Court deems it necessary to address Arch's breach of contract claim first, the Court dismiss Arch's contract claim pursuant to Fed. R. Civ. P. 12(b)(6) and then apply *Wilton* abstention to the declaratory judgment claim and dismiss or stay the action until the Delaware Action is resolved.

This Motion to Dismiss or Stay is based on the accompanying Memorandum and Declaration of David A. Thomas and attached exhibits (the "Thomas Declaration"). The Thomas Declaration addresses only those facts that pertain to Varsity Holding's request that the Court decline to exercise jurisdiction over this action under the *Wilton* abstention doctrine.

///

///

///

///

///

Defendant Varsity Holding respectfully requests that the Court hold oral argument on the motion.

Dated: February 20, 2024

Respectfully submitted,

/s/ Natasha Romagnoli
Natasha Romagnoli (*pro hac vice*)
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000
Natasha.Romagnoli@BlankRome.com

David A. Thomas (*pro hac vice*)
BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
(424) 239-3400
David.Thomas@BlankRome.com

Seth Lamden (*pro hac vice*)
Jason Frye (*pro hac vice*)
BLANK ROME LLP
444 West Lake St., Suite 1650
Chicago, IL 60606
(312) 776-2600
Seth.Lamden@BlankRome.com
Jason.Frye@BlankRome.com

Shea Sisk Wellford (TN 16947)
MARTIN, TATE, MORROW & MARSTON, P.C.
International Place, Tower II
6410 Poplar Ave. Ste. 1000
Memphis, TN 38119
(901) 522-9000
sheawellford@martintate.com