IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| ARCH INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VARSITY BRAND HOLDING CO., INC.; | ) Case No. 2:23-cv-02689-JTF-atc |
| and U.S. ALL STAR FEDERATION, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DECLARATION OF DAVID A. THOMAS IN SUPPORT OF DEFENDANT VARSITY BRANDS HOLDING CO., LLC'S MOTION TO DISMISS OR STAY**

I, David A. Thomas, declare:

1. I am an attorney and partner with Blank Rome LLP, counsel of record for Defendant Varsity Brands Holding Co., LLC, which was incorrectly sued herein as Varsity Brands Holding Co., Inc. ("Varsity Holding"), and its affiliates, Varsity Brands, LLC ("Varsity Brands") and Varsity Spirit LLC ("Varsity Spirit") (collectively, "Varsity" or the "Varsity Insureds") in this action. I am admitted *pro hac vice* and am one of the lead counsel for Varsity Holding in this action. I also am one of the lead counsel for the Varsity Insureds in the action pending in Delaware Superior Court captioned *Varsity Brands Holding Company, Inc., et al. v. Arch Insurance Co., et al.*, Case No. N23C-10-283 MAA CCLD (the "Delaware Action"). My colleagues at Blank Rome LLP and I also serve as insurance coverage counsel for the Varsity Insureds with respect to claims by current or former All Star Cheer athletes asserting liability against the Varsity Insureds arising out of alleged sexual abuse. I make this declaration in support of Defendant Varsity Brands Holding Company, Inc.'s Motion to Dismiss or Stay. I have personal knowledge of the matters set forth herein and, if called upon to do so, I could and would testify competently thereto.

1

2. The Varsity Insureds are three affiliated entities that, among other things, distribute cheer apparel and organize cheer and dance camps, clinics, and competitions.

3. I have reviewed various entity formation documents and other documents with relevant information and have otherwise investigated the Varsity Insureds' corporate forms, the identities of their members (for limited liability companies), the pertinent states of organization or incorporation, and the locations of pertinent entities' principal places of business. Pertinent information includes the following:

    a. Varsity Holding was an Indiana corporation with its principal place of business in Texas. On or about October 27, 2023, it was converted to a limited liability company organized under Indiana law and was renamed Varsity Brands Holding Co., LLC, and remains as such. (Accordingly, the allegations in the Varsity Insureds' initial Complaint and First Amended Complaint in the Delaware Action that Varsity Holding's name is Varsity Brands Holding Company, Inc. and that Varsity Holding is a corporation are incorrect. These will be corrected in due course.) With respect to Varsity Holding, since at least October 27, 2023, and continuing to the present:

        i. The sole member of Varsity Holding is Hercules VB Holdings, LLC, a limited liability company.

        ii. The sole member of Hercules VB Holdings, LLC is Hercules Achievement, LLC, a limited liability company.

        iii. The sole member of Hercules Achievement, LLC is Hercules Achievement Holdings, LLC, a limited liability company.

      iv.    The sole member of Hercules Achievement Holdings, LLC, is Varsity Brands, Inc. Varsity Brands, Inc., is a Delaware corporation that was formed on or about September 29, 2023, and has its principal place of business in Texas.

  b.    Varsity Brands is a limited liability company organized under Delaware law. With respect to Varsity Brands, since at least October 27, 2023, and continuing to the present:

      i.    The sole member of Varsity Brands is Hercules Achievement, LLC, a limited liability company.

      ii.    The sole member of Hercules Achievement, LLC is Hercules Achievement Holdings, LLC, a limited liability company.

      iii.    The sole member of Hercules Achievement, LLC, is Varsity Brands, Inc., the same corporation identified in ¶ 3.a.iv above.

  c.    Since at least October 27, 2023, and continuing to the present, Varsity Spirit is a limited liability company organized under Tennessee law, and Varsity Brands is the sole member of Varsity Spirit.

4.    The three Varsity Insureds commenced the Delaware Action by filing a complaint in Delaware Superior Court on October 31, 2023, which named Arch and Greenwich as defendants. On November 4, 2023, the Varsity Insureds filed in the Delaware Action a First Amended Complaint, a true and correct copy of which is attached hereto as Exhibit 1. All of the defendants named in the Amended Complaint have been served with process, have accepted service of process, or have agreed to be deemed to have been served with process.

5. At issue in the Delaware Action are nearly 60 primary commercial general liability (CGL), umbrella liability, excess general liability, and employment practices liability (EPL) insurance policies covering the Varsity Insureds that were issued by fifteen different insurers, including six primary insurers, covering the time period of 1998 to 2023 (collectively, the "Varsity Policies").

6. Among the Varsity Policies is a series of primary CGL policies that Arch issued to Varsity Holding covering the time period of July 31, 2017 to July 31, 2023 (collectively, the "Arch Primary Policies"). A true and correct copy of relevant excerpts of the 2017-2018 Arch primary CGL policy bearing redactions is attached hereto as Exhibit 2. Arch also issued a series of excess liability policies to Varsity Holding during the same time period (together with the Arch Primary Policies, the "Arch Policies"). (The cooperation clause in Exhibit 2 is typical of the cooperation clauses in the Arch Policies.) Immediately preceding the Arch Primary Policies is a series of primary CGL policies issued by Greenwich Insurance Co. for the time period of July 31, 2014 through July 31, 2017 (the "Greenwich Policies"). Greenwich is incorporated in Delaware and, therefore, is a citizen of Delaware for diversity jurisdiction purposes. The primary CGL policies that precede the Greenwich Policies cover 1998 to 2014 and were issued by four other insurers.

7. In the Delaware Action, Varsity also contends that insurers that issued umbrella, excess, and employment practice liability policies are obligated to provide coverage for the underlying claims. Varsity is insured under several umbrella and excess policies during the period of 2006 and 2023 issued by Arch and Zurich American Insurance Company (or its subsidiary), National Union Fire Insurance Company of Pittsburgh, Pa., Markel American Insurance Company, Lexington Insurance Company (a Delaware corporation), Navigators Insurance Company, and RSUI Indemnity Company. Varsity also is insured under primary and excess EPL policies issued

by Evanston Insurance Company, Berkshire Hathaway Specialty Insurance Company, and Westchester Fire Insurance Company.

8. Beginning in August 2022, attorneys for a number of All Star Cheer athletes announced that they were filing a lawsuit in federal court in South Carolina asserting claims for alleged sexual abuse perpetrated by employees of team-affiliated gyms—not Varsity employees—mostly starting when the claimants were minors. The three Varsity Insureds and others, including USASF, were named as defendants in the lawsuit, which was filed in the District of South Carolina. Three other similar civil actions were subsequently in the District of South Carolina (collectively, all four actions are the "South Carolina Federal Actions"). A true and correct copy of the operative complaint in the first of these South Carolina Federal Actions is attached hereto as Exhibit 3.

9. A number of other claimants, represented by the same law firm (the Strom Law Firm) prosecuting the South Carolina Federal Actions, have asserted similar negligence-based claims against Varsity in other jurisdictions, including in federal courts in North Carolina, Georgia, Florida, Tennessee,[1] Ohio, and California. These claims, together with the South Carolina Federal Actions, are collectively referred to herein as the "Underlying Claims."

10. As the sexual abuse claims against Varsity were filed starting in 2022, Varsity promptly notified its insurers and requested a defense. I have reviewed the relevant coverage correspondence from Varsity's insurers. Neither Arch nor the five other insurers that issued primary CGL policies over the 25-year timespan (the "Primary CGL Insurers") have satisfied their defense obligations to Varsity. A few of the Primary CGL Insurers agreed to defend Varsity but then only as to certain of the Underlying Claims, and in some cases with improper conditions

---

[1] These include the case pending before this Court, captioned *Doe as next friend of Doe 1, et al. v. Varsity Brands, LLC, et al.*, Case No. 2:22-cv-02657-JTF-tmp (W.D. Tenn.).

5

placed upon their funding of the defense.  These insurers also denied coverage for other claims that Varsity contends triggered coverage under their policies.  For example, whereas Varsity accurately contended that claims alleging multiple acts of sexual abuse triggered multiple policies, including policies issued by multiple insurers in adjacent policy periods, certain insurers (such as Arch) incorrectly asserted that such claims were subject to the policies' Sexual Abuse and Molestation ("SAM") Endorsement and, therefore, triggered only the policy in effect during the first incident of abuse.  Other insurers denied coverage altogether.  Varsity's excess general liability or umbrella insurers reserved rights or denied coverage, and Varsity's EPL insurers also reserved rights.

11. In August 2023, the court in the South Carolina Federal Actions ordered that mediation be held and completed by October 13, 2023.  Varsity proceeded to mediate with all of the claimants represented by the same law firm (The Strom Law Firm), including those filing suit outside of South Carolina, in September and October 2023.  Most of Varsity's insurers, including Arch, also attended some or all of the mediation sessions through their claims representatives and/or counsel.  My partner Natasha Romagnoli and I personally attended all of the mediation sessions and interacted with Arch's and the other carriers' claims representatives and counsel.

12. Despite our dogged efforts, we were unable to secure from Varsity's insurers sufficient settlement authority to resolve any of the claims, either individually or collectively.  Nevertheless, late in the day on October 13, 2023, we sensed there was an opportunity for Varsity to negotiate a settlement in principle with the claimants' counsel.  Accordingly, Ms. Romagnoli asked representatives of Arch and Varsity's other insurers for their consent to Varsity's engaging in further negotiations with the claimants' counsel.  As part of this request, Ms. Romagnoli asked

them to agree to (among other things) a three-week standstill agreement in which both Varsity and its insurers would agree not to file a lawsuit against each other through November 3, 2023.

13. Shortly thereafter, in the late afternoon of October 13, 2023, Ms. Romagnoli sent Arch's adjuster Jeanie Seidelmann an email setting forth the terms of the proposed agreement she had just conveyed orally, including the three-week standstill agreement, and copied me on the email. We received a response from Arch's Chief Technical Claims Officer, Francine Minervini, who proposed certain additional terms for the agreement. I promptly responded with Varsity's assent. A true and correct copy of the aforementioned email chain dating to October 13, 2023, reflecting redaction of certain matter not relevant to this motion, is attached hereto as Exhibit 4.

14. Having secured Arch's and other pertinent insurers' consent to pursue settlement negotiations, Varsity swiftly reached agreement on a settlement in principle with the claimants by the next day. The settlement in principle was subject to Varsity's having three weeks to obtain funding (the "Settlement Demand"). The Settlement Demand was reasonable, both collectively and as to the individual claimants. We promptly informed Varsity's insurers of Varsity's desire to accept the Settlement Demand and requested approval and funding by November 3, 2023.

15. Over the next two weeks, on behalf of Varsity, my colleagues and I supplied Arch and Varsity's other insurers with ample additional information to enable them to evaluate and agree to fund the Settlement Demand. However, by November 3, 2023, Varsity's insurers had refused to fund the Settlement Demand in any adequate amounts. Varsity thus finalized a settlement agreement with the underlying claimants.

16. In the meantime, despite having entered into the standstill agreement, Arch filed this action on October 30, 2023. Arch did not provide notice to me or my colleagues or any representatives of Varsity prior to filing suit. We only learned of this action when Arch's counsel

forwarded a copy of the Complaint in this action the next day, on October 31, 2023. We promptly reached out to Arch's counsel and demanded that Arch dismiss this action in light of the standstill agreement, but Arch's counsel did not respond immediately and then eventually advised that Arch would not do so. A true and correct copy of Arch's Complaint in this action is attached hereto as Exhibit 5.

17.   A complete resolution of Varsity's claims against Arch—or, for that matter, Varsity's claims against the other insurers, or at least the Primary CGL Insurers—necessarily requires including other insurers as defendants in the action because of trigger and allocation issues. For example, in the South Carolina Federal Actions, John Doe 2 has alleged abuse potentially spanning the policy periods of certain Greenwich policies and Arch policies, yet Arch has denied coverage on the ground that the "deemer" provision of the SAM Endorsement of its policies precludes coverage. Since the Varsity Insureds need to access policy limits from all available policies to fund the settlement of John Doe 2's claim, they necessarily need to name both Greenwich and Arch as defendants. However, none of the Varsity Insureds can sue Greenwich in federal court because all three of them and Greenwich are citizens of Delaware.

18.   Defendant USASF also is amenable to suit in Delaware Superior Court. Among other things, USASF purposefully conducts Cheer-related activities in Delaware, including listing two member gyms in Delaware on its website. True and correct copies of relevant pages from USASF's website are attached hereto as Exhibits 6 and 7.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of February, 2024, at New York, New York.

_David A. Thomas_